# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **(1) STEFANIE SMART** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**(1) WALMART, INC., d/b/a SAM'S CLUB** )<br>)<br>Defendant. ) | **CIVIL ACTION NO.**<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer against Defendant Walmart, Inc., d/b/a Sam's Club, (hereafter "Walmart"), for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681 *et seq.*, *as amended*.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and § 1692k(d) and 28 U.S.C. § 1331.

3. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff Stefanie Smart is an adult individual residing in Walker, Louisiana.

5. Defendant Walmart is business entity that regularly conducts business in the Middle District of Louisiana, and which has a principal place of business located at 702 SW 8th Street, Bentonville, AR 72716.

## FACTUAL ALLEGATIONS

6. In or around August 2019, Plaintiff applied for the position of Frontline Member with Defendant Walmart.

7. On August 7, 2019, Walmart extended an employment offer to Plaintiff outlining the details of the position and details of Plaintiff's compensation.

8. The August 7, 2019 offer was contingent on the successful completion of a background check.

9. Later that same day, Plaintiff received an email from Walmart indicating that the job-offer had been rescinded.

10. On August 15, 2019, Walmart re-offered the position, and again, the offer was contingent on the successful completion of the background check.

11. Walmart used a third-party consumer reporting agency ("CRA") to obtain Plaintiff's background report. That CRA is First Advantage.

12. On or around August 15, 2019, Walmart requested a background report on Plaintiff from First Advantage.

13. On August 21, 2019, First Advantage issued a consumer report regarding Plaintiff (the "First Advantage Report").

14. The First Advantage report showed Plaintiff's Score Result as "Eligible for Hire".

15. Despite this, on August 22, 2019, Plaintiff was informed by Walmart via phone call that Walmart was again rescinding her job offer due to a "failed background report."

16. On August 26, 2019, via the online application portal, Walmart again notified Plaintiff that it had rescinded the offer based on the "failed" background check.

17. On August 26, 2019, Walmart notified Plaintiff that it had received the results from a background check on Plaintiff on August 7, 2019, and that "Background check = Failed."

18. On August 26, 2019, Plaintiff's application status through Walmart's Applicant Portal stated, "No Longer Under Consideration."

19. Plaintiff was not provided a copy of her background report until August 26, 2019.

20. Under the FCRA, any "person" using a consumer report, such as Walmart, who intends to take an "adverse action" for employment "based in whole or in part" on information obtained from the consumer report must provide notice of that fact to the consumer-employee, and must include with the notice a copy of the consumer report and a notice of the consumer's dispute rights under the FCRA, *before* taking the adverse action. 15 U.S.C. § 1681b(b)(3)(A).

21. The reasons for the "pre-adverse action notice" requirement with regard to employment situations are to alert the job applicant that she is about to experience an adverse action, such as a suspension, based on the content of a report, and to provide her an opportunity to challenge the accuracy or relevancy of the information with the consumer reporting agency or the user before that job is lost.

22. In violation of the FCRA, Walmart failed to comply with the FCRA's mandatory pre-adverse action notification requirement and failed to provide a copy of the inaccurate background report it obtained from First Advantage, *before* taking adverse action, as required by 15 U.S.C. § 1681b(b)(3).

23. As a direct result of Walmart's failure to provide *pre-adverse* notice, Walmart denied Plaintiff employment.

24. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost employment opportunity, lost wages, harm to reputation, and emotional distress, including anxiety, humiliation and embarrassment.

25. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

26. At all times pertinent hereto, the conduct of the Defendant as well as that of its agents, servants and/or employees, was willful, reckless, negligent, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

## CLAIMS

### COUNT I
### VIOLATIONS OF THE FRCA

27. Plaintiff incorporates the foregoing paragraph as though the same were set forth at length herein.

28. Defendant Walmart is a "person" as that term is defined by § 1681a(b) of the FCRA.

29. Plaintiff is a "consumer" as that term is defined by § 1681a(c) of the FCRA.

30. The above-mentioned report is a "consumer report" as that term is defined by § 1681a(d) of the FCRA.

31. Pursuant to its usual policies and practices Defendant Walmart never provided Plaintiff with adequate pre-adverse action notice before taking adverse action against her.

32. A primary reason that Congress required that a person intending to take an adverse action based on information in a consumer report provide the report to the consumer before taking the adverse action is so the consumer has time to review the report and dispute information that may be inaccurate, or discuss the report with the prospective employer before adverse action is

taken. *See* Federal Trade Commission letter dated December 18, 1997 to Harold R. Hawkey, Esq. ("[T]he clear purpose of the provision to allow consumers to discuss reports with employers or otherwise respond before adverse action is taken").

33. Consistent with that purpose, federal courts have held that the prospective employer must provide the report to the consumer "a sufficient amount of time before it takes adverse action so that the consumer may rectify any inaccuracies in the report." *Williams v. Telespectrum, Inc.*, 2006 U.S. Dist. LEXIS 101162, at *18 (E.D. Va. Nov. 7, 2006); *Beverly v. Wal-Mart Stores, Inc.*, 2008 U.S. Dist. LEXIS 2266 (E.D. Va. Jan. 11, 2008) (quoting *Williams*).

34. By means of these cases and others construing § 1681b(b)(3)(A), Defendant Walmart had substantial notice that its conduct violated the FCRA.

35. By failing to provide Plaintiff with adequate pre-adverse notice and means or information to dispute the inaccurate information in the consumer report, prior to taking adverse action against her based on the report, Defendant Walmart disregarded the case law, regulatory guidance, and the plain language of the FCRA § 1681b(b)(3)(A).

36. Defendant Walmart used a consumer report for employment purposes and took adverse action against Plaintiff based in whole or in part on the consumer report.

37. Defendant Walmart negligently and willfully failed to comply with the requirements of FCRA § 1681b(b)(3)(A) by failing to provide Plaintiff with adequate pre-adverse action notice before taking adverse action against her, as well as a copy of the First Advantage Report and statement of Plaintiff's rights under the FCRA.

38. Pursuant to 15 U.S.C. § 1681n and 1681o, Defendant Walmart is liable to Plaintiff for willfully and negligently violating FCRA § 1681b(b)(3).

## JURY TRIAL DEMAND

39.      Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a)      Actual damages;

(b)      Statutory damages;

(c)      Punitive damages;

(d)      Costs and reasonable attorney's fees; and

(e)      Such other and further relief as may be necessary, just and proper.

Respectfully Submitted,

/s/ Niko A. Imbraguglio
Niko Imbraguglio, LSBA #37392

**PARAMOUNT LAW**
CONSUMER PROTECTION FIRM

3014 Dauphine Street
Suite A #26107
New Orleans, LA 70117
(504) 321-8383 voice
(918) 895-9774 fax
7577@paramount-law.net

Joseph L. Gentilcore, Esq.
FRANCIS MAILMAN SOUMILAS, PC
1600 Market Street, Suite 2510
Philadelphia, PA 19103
(215) 735-8600 voice
(215) 940-8000 fax
jgentilcore@consumerlawfirm.com
*Application for Admission*
*Pro Hac Vice Forthcoming*

*Counsel for Plaintiff Stefanie Smart*

6